IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK WAYNE THIBEAU,** | : | |
| | : | |
| Petitioner, | : | CIVIL NO. 3:CV-06-1925 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| **JONATHAN C. MINER,** | : | |
| | : | |
| Respondent. | : | |

## MEMORANDUM

**I.    Introduction**

Petitioner, Mark Wayne Thibeau, a federal prisoner confined at the Low Security Correctional Institution in Allenwood ("LSCI-Allenwood"), Pennsylvania, commenced this case by filing a *pro se* petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondent is LSCI-Allenwood Warden, Jonathan C. Miner. Petitioner is challenging his sentence that was imposed by the United States District Court for the Western District of North Carolina. Specifically, he claims that he has been sentenced to a term of five years supervised release following incarceration, although the "maximum penalty authorized by law is . . . 3 years supervised release." (Doc. 1 at 12.) For the reasons set forth, the petition will be dismissed without prejudice to file a motion for leave to pursue a successive 2255 petition.

**II.    Background**

Unless otherwise noted, the facts are extracted from a prior habeas petition filed by Petitioner in this Court, Civil Action No. 3:CV-05-0454. On May 27, 1999, Petitioner pled guilty to one count of conspiracy with intent to distribute cocaine and cocaine base, Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1) and 846, in the

United States District Court for the Western District of North Carolina.  (Doc. 1 at 9.)  On December 6, 1999, Petitioner was sentenced to a term of 151 months in prison with five (5) years of supervised release.  (*Id*. at 10.)  No appeal was filed.  (*Id.*)

On December 6, 2000, Petitioner filed a motion to vacate, set aside or correct sentence pursuant to the provisions of 28 U.S.C. § 2255, arguing: (1) the District Court lacked jurisdiction to sentence Petitioner; (2) Petitioner's guilty plea was involuntary; and (3) the District Court improperly enhanced Petitioner's sentence.  Petitioner's §2255 motion was denied without an evidentiary hearing on May 23, 2002.  (Doc. 1 at 8.)

Thereafter, Petitioner filed an application for leave to file a second § 2255 motion, seeking relief under the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The application was denied by the United States Court of Appeals for the Fourth Circuit on November 23, 2004.  Thereafter, Petitioner filed a habeas petition in this Court, alleging that he is actually innocent of responsibility of the elements of his offense, and the trial judge's determination violated Petitioner's Fifth and Sixth Amendment rights.  This Court concluded that § 2241 relief was unavailable to Petitioner, and dismissed the petition.

In the instant petition, Petitioner argues that his term of incarceration exceeds the maximum penalty permitted by law, and he asks this Court to "correct the custodial term of confinement."  (Doc. 1 at 8.)  For the reasons that follow, the Court finds that § 2241 relief is procedurally unavailable to Petitioner, and will summarily dismiss the petition.

### III.    Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977)

(applicable to § 2241 petitions under Rule 1(b)).  *See, e.g.*, *Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).  Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ."  *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.), *cert. denied*, 400 U.S. 906 (1970).  The *Allen* court also stated that "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face."  *Allen*, 424 F.2d at 141.

Generally, a challenge to the validity of a federal conviction or sentence must be brought in a §2255 motion.  *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002).  Thus, Petitioner's proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted, *see United States v. Hatcher*, 76 F. Supp. 2d 604 (E.D. Pa. 1999), unless Petitioner can show that the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  *Okereke*, 307 F.3d at 120; 28 U.S.C. § 2255 ¶ 5.

The United States Court of Appeals for the Third Circuit has stated that such inadequacy or ineffectiveness is present, thereby allowing a section 2241 petition to substitute for a 2255 motion, only where it is established "'that some limitation of scope or procedure' prevents a movant from receiving an adjudication of his claim."  *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir. 2002).  "It is the inefficacy of the remedy, *not a personal inability to utilize it*, that is determinative . . . ."  *Garris v. Lindsay*,

794 F.2d 722, 727 (D.C. Cir. 1986) (emphasis added).  Section 2241 should not be used as a way of evading the gatekeeping provisions of section 2255.  *In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997).

Petitioner has the burden of proving that § 2255 would be an inadequate or ineffective remedy.  *Fredericks v. Williamson*, 185 Fed.Appx. 195, 196 (3d Cir. 2006).  In *Fredericks*, the Third Circuit Court of Appeals held that § 2241 habeas relief is unavailable to Petitioner who "asserts that he should have received a lesser sentence."  *Fredericks*, 185 Fed.Appx. at 196.  Section 2255 is not inadequate or ineffective merely because Petitioner is unable to meet the gatekeeping requirements of the section.  *Dorsainvil*, 119 F.3d at 251.  Neither the fact that Petitioner must apply for permission to file a second or successive petition, nor the fact that he has been denied permission renders the § 2255 remedy inadequate or ineffective.  *Id*.  At best, Petitioner has only demonstrated a personal inability to utilize the § 2255 remedy.  He does not, however, establish the inadequacy or ineffectiveness of the remedy.  Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's sentence, the Court will dismiss this § 2241 petition under Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts.

Dated: October 31, 2006.                              /s/ A. Richard Caputo
                                                                 A. RICHARD CAPUTO
                                                                 United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MARK WAYNE THIBEAU,** : | |
| : | |
| Petitioner, : | **CIVIL NO. 3:CV-06-1925** |
| : | |
| v. : | **(Judge Caputo)** |
| : | |
| **JONATHAN C. MINER,** : | |
| : | |
| Respondent. : | |

# O R D E R

**AND NOW, THIS 31st DAY OF OCTOBER, 2006, IT IS HEREBY ORDERED THAT**:

1. Petitioner's application to proceed *in forma pauperis* (Doc. 3) is **GRANTED** for the purpose of filing the instant petition only.

2. The petition for writ of habeas corpus under 28 U.S.C. §2241 (Doc. 1) is **DISMISSED**.

3. The Clerk of Court is directed to close this case.

4. There is no basis for the issuance of a certificate of appealability.

                                              /s/ A. Richard Caputo
                                              A. RICHARD CAPUTO
                                              United States District Judge